[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs instituted the present action, returnable to the court on December 29, 1992, seeking monetary damages and injunctive relief. The plaintiffs also filed an application for prejudgment remedy to attach the goods or estate of the defendants CT Page 1639 upon which the court ordered that a hearing be held on December 21, 1992 and that the appropriate documents be served upon the defendants. The file also contains a summons, signed by the attorney for the plaintiff, directed to the proper officer, commanding him to serve a copy of the prejudgment remedy papers upon the defendants. The sheriff's return indicates that service of the prejudgment remedy papers was made upon the defendants.
The plaintiffs also filed an application for a temporary injunction. The court executed an order to show cause ordering "that the defendants be summoned to appear before the Superior Court" on December 29, 1992 then and there to show cause why a temporary injunction should not issue as prayed for in the application. A separate return of service by the sheriff indicates that the application for a temporary injunction and order to show cause, complaint and summons were served upon the defendants.
The defendants have moved to dismiss the application for a temporary injunction on the grounds that no writ of summons executed by the attorney for the plaintiff was issued or served upon the defendant with respect to the application for a temporary injunction.
A writ commands a duly authorized officer to summon the defendant to appear in court on a specific day and the writ is an essential element to the validity of the jurisdiction of the court. Hillman v. Greenwich, 217 Conn. 520, 525, 526 (1991). While the complaint was served upon the defendants and appropriate notice given to them of the application for a prejudgment remedy, there was no direction to the sheriff to command the defendants to appear in court prior to the return day to show cause why an injunction should not issue against them. The court holds that the defendants were not properly hailed into court to respond to the order to show cause and accordingly, the application for a temporary injunction and order to show cause is hereby dismissed and the plaintiffs are left to other forms of procedure.
RUSH, J.